UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN THOMAS, | CASE NO. 1:07-cv-01165-AWI-GSA PC |
| Plaintiff, | ORDER REQUIRING PLAINTIFF EITHER TO FILE SECOND AMENDED COMPLAINT OR TO NOTIFY COURT OF WILLINGNESS TO PROCEED ONLY ON CLAIMS FOUND TO BE COGNIZABLE |
| v. | |
| CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al., | (DOC. 11) |
| | RESPONSE DUE WITHIN THIRTY DAYS |
| Defendants. | |
| _____/ | |

**Screening Order**

**I.      Screening Requirement**

Plaintiff John Thomas ("Plaintiff") is a former state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed this action on July 5, 2007, in the U.S. District Court for the Northern District of California.  Plaintiff's complaint was transferred to this Court on July 27, 2007, and received on August 10, 2007.  Plaintiff filed an amended complaint on November 19, 2007, which is now before the Court.  Plaintiff alleges a violation under the Eighth Amendment for excessive force against the California Department of Corrections and Rehabilitation ("CDCR"), Cox (Sergeant), Carrillo (Correctional Officer), A. Hedgpeth (Warden), S. L. Kays (Assistant Warden), J.D. Soto (Captain), Donald Schroeder (Lieutenant), S. Simpson (Lieutenant), L. Garcia (Medical

Technical Assistant), and A. Diza-Albarran (Correctional Officer). For the reasons set forth below, Plaintiff is ordered to file a second amended complaint or to notify the Court of willingness to proceed only on the claims found to be cognizable in this order within thirty days.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to this action. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

**II.     Plaintiff's Claims**

  **A.     Summary of Complaint**

Plaintiff is a state prisoner who alleges he was tortured by Defendants as follows. Plaintiff was released for exercise on the morning of April 7, 2007, and took a minute to put his shoes on before entering the yard. Defendant Carrillo told Plaintiff to take his shoes out to the

yard and put them on out in the yard.  Plaintiff put his shoes on anyway.  Defendant Carrillo then ordered Plaintiff to return to his cell.  Plaintiff was then handcuffed and taken to a holding cell where he was searched and pepper sprayed by Defendant Cox.

### B.  Eighth Amendment

The unnecessary and wanton infliction of pain violates the Cruel and Unusual Punishments Clause of the Eighth Amendment.  Hudson v. McMillian, 503 U.S. 1, 5 (1992) (citations omitted).  For claims of excessive physical force, the issue is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm."  Id. at 7.  Although de minimis uses of force do not violate the Constitution, the malicious and sadistic use of force to cause harm always violates the Eighth Amendment, regardless of whether or not significant injury is evident. Id. at 9-10; see also Oliver v. Keller, 289 F.3d 623, 628 (9th Cir. 2002) (Eighth Amendment excessive force standard examines de minimis uses of force, not de minimis injuries)).

Factors such as the need for the application of force, the relationship between the need and the amount of force that was used, and the extent of injury inflicted are relevant to the ultimate determination as to whether force used by prison personnel was excessive. From these factors, inferences may be drawn as to whether the use of force could plausibly have been thought necessary, or instead evinced such wantonness with respect to the unjustified infliction of harm as is tantamount to a knowing willingness that it occur. "Equally relevant are such factors as the extent of the threat to the safety of staff and inmates, as reasonably perceived by the responsible officials on the basis of the facts known to them, and any efforts made to temper the severity of a forceful response."  Whitley v. Albers, 475 U.S. 312, 321 (1986).

Other factors to be considered are the extent of the threat to the safety of staff and inmates, as reasonably perceived by the responsible officials on the basis of the facts know to them, and any efforts made to temper the severity of a forceful response.  Id.  The infliction of pain in the course of a prison security measure "does not amount to cruel and unusual punishment simply because it may appear in retrospect that the degree of force authorized or applied was unreasonable, and hence unnecessary."  Id., at 319; see also Hudson, 503 U.S. 1.

1  Prison administrators "should be accorded wide-ranging deference in the adoption and execution
2  of policies and practices that in their judgment are needed to preserve internal order and
3  discipline and to maintain institutional security." <u>Whitley</u>, <u>supra</u> at 321-322 (quoting <u>Bell v.</u>
4  <u>Wolfish</u>, 441 U.S. 520, 547 (1970)).

5        Construed liberally, Plaintiff states a cognizable claim for excessive force in violation of
6  the Eighth Amendment against Defendant Cox.

7        Plaintiff names many other individuals as defendants but fails to allege any facts linking
8  any other defendants to the alleged violation of his constitutional rights.  Under section 1983,
9  Plaintiff is required to show that Defendants (1) acted under color of state law, and (2)
10 committed conduct which deprived Plaintiff of a federal right.  <u>Long v. County of Los Angeles</u>,
11 442 F.3d 1178, 1185 (9th Cir. 2006).  "A person deprives another of a constitutional right, where
12 that person 'does an affirmative act, participates in another's affirmative acts, or omits to perform
13 an act which [that person] is legally required to do that causes the deprivation of which complaint
14 is made.'"  <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978).  "[T]he 'requisite causal
15 connection can be established not only by some kind of direct, personal participation in the
16 deprivation, but also by setting in motion a series of acts by others which the actor knows or
17 reasonably should know would cause others to inflict the constitutional injury.'"  <u>Id.</u> at 743-44.
18 Plaintiff fails to allege that other defendants' conduct led to a deprivation of his constitutional
19 rights, and thus fails to state a cognizable claim upon which relief may be granted against other
20 defendants.

21       Plaintiff also names CDCR as a defendant.  Plaintiff may not sustain an action against an
22 state agency.  The Eleventh Amendment prohibits federal courts from hearing suits brought
23 against an unconsenting state.  <u>Brooks v. Sulphur Springs Valley Elec. Co.</u>, 951 F.2d 1050, 1053
24 (9th Cir. 1991) (citation omitted); <u>see also</u> <u>Seminole Tribe of Fla. v. Florida</u>, 116 S.Ct. 1114,
25 1122 (1996); <u>Puerto Rico</u> <u>Aqueduct Sewer Auth. v. Metcalf & Eddy, Inc.</u>, 506 U.S. 139, 144
26 (1993); <u>Austin v. State Indus. Ins. Sys.</u>, 939 F.2d 676, 677 (9th Cir. 1991).  The Eleventh
27 Amendment bars suits against state agencies as well as those where the state itself is named as a
28 defendant.  See <u>Natural Resources Defense Council v. California Dep't of Tranp.</u>, 96 F.3d 420,

421 (9th Cir. 1996); Brook, 951 F.2d at 1053; Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (concluding that Nevada Department of Prisons was a state agency entitled to Eleventh Amendment immunity); Mitchell v. Los Angeles Community College Dist., 861 F.2d 198, 201 (9th Cir. 1989). Because CDCR is a state agency, it is entitled to Eleventh Amendment immunity from suit.

### III.     Conclusion and Order

Plaintiff's amended complaint states a cognizable excessive force claim against Defendant Cox. However, the amended complaint does not state any other cognizable claims. The Court will provide Plaintiff with the opportunity to file a second amended complaint curing the deficiencies identified by the Court in this order. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his second amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

If Plaintiff does not wish to file a second amended complaint and is agreeable to proceeding only on the claims identified in this order as cognizable, Plaintiff may so notify the Court in writing, and the Court will issue a recommendation for dismissal of the other claims and defendants, and will forward Plaintiff one summons and one USM-285 form for completion and return. Upon receipt of the forms, the Court will direct the United States Marshal to initiate service of process upon Defendant Cox.

Plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of Plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . . " Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citations omitted).

Finally, Plaintiff is advised that an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," E.D. Cal. R. 15-220.  Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form;
2. Within **thirty (30) days** from the date of service of this order, Plaintiff must either:
   a. File a second amended complaint curing the deficiencies identified by the Court in this order, or
   b. Notify the Court in writing that he does not wish to file a second amended complaint and wishes to proceed only on an excessive force claim against Defendant Cox;
3. If Plaintiff fails to comply with this order, this action will be dismissed for failure to obey a court order.

IT IS SO ORDERED.

Dated:   July 23, 2009                             /s/ Gary S. Austin
                                                   UNITED STATES MAGISTRATE JUDGE