# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN THOMAS,<br><br>          Plaintiff,<br><br>    v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al.,<br><br>          Defendants. | CASE NO. 1:07-cv-01165-AWI-GBC PC<br><br>ORDER DENYING DEFENDANTS' MOTION TO MODIFY SCHEDULING ORDER AND STRIKING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND STATEMENT OF UNDISPUTED FACTS<br><br>(Docs. 33, 34, 35)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT JUDGMENT<br><br>(Doc. 36.) |

**I.    Procedural History**

Plaintiff John Thomas ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  This action is proceeding on Plaintiff's amended complaint, filed November 19, 2007, on the remaining claims that Defendant Cox used excessive force in violation of the Eighth Amendment. (Doc. 11.) On December 7, 2010, Defendant filed a motion seeking leave to modify the scheduling order and file a dispositive motion. (Doc. 33.) On December 16, 2010, Defendant filed a motion for summary judgment and statement of undisputed facts.  (Docs. 34, 35.)  Plaintiff filed an objection and motion for entry of default on December 28, 2010.  (Doc. 36.)

**II.    Motion to Modify Scheduling Order**

Defendant seeks leave to file a dispositive motion on the grounds that counsel for Defendant

was out of the office for approximately two weeks due to illness. (Doc. 33, p. 3.) The deadline for the completion of all discovery was September 29, 2010, and the deadline to file dispositive motions was December 8, 2010. Modification of a scheduling order requires a showing of good cause, Fed. R. Civ. P. 16(b), and good cause requires a showing of due diligence, Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992). If the party seeking to amend the scheduling order fails to show due diligence the inquiry should end and the court should not grant the motion to modify. Zivkovic v. Southern California Edison, Co., 302 F.3d 1080, 1087 (9th Cir. 2002).

This action has been defended by the Attorney General's Office since Defendant removed this action to federal court on August 10, 2007. The scheduling order was issued on January 29, 2010, and Defendant has had eleven months to prepare a dispositive motion. Defendant has failed to show diligence in attempting to comply with the order and to allow a modification of the scheduling order without good cause would render scheduling orders essentially meaningless, and directly interfere with the courts' attempts to manage their dockets and with the standard course of litigation in actions such as this. Johnson, 975 F.2d at 610 ("A scheduling order is not a frivolous piece of paper, idly entered . . . ." (internal quotations and citation omitted)).

Defendant's argument that it is in the interest of the conservation of judicial resources to allow his late motion leaves the Court nonplussed. It is in the interest of conservation of judicial resources for Defendant to comply with the Court's scheduling orders and raise all applicable grounds for dismissal or judgment as a matter of law in a timely filed motion. The requirement that parties abide by the Court's scheduling orders, absent a showing of good cause, is itself intended to directly serve the interest of resource conservation by allowing for the resolution of untimely or otherwise non-meritorious claims prior to trial. Therefore the motion will be denied, with prejudice, and the motion for summary judgment and statement of undisputed facts will be stricken from the record.

**III.    Motion for Default Judgment**

In the objection to Defendant's motion, Plaintiff moves for the Court enter default judgment for Plaintiff as a sanction for Defendant filing the summary judgment motion. While Fed. R. Civ. Proc. 16(f) allows for sanctions for a party failing to obey a scheduling order, the Court does not find

that Defendant failed to comply with the scheduling order by filing a motion to amend prior to the dispositive motion filing deadline. The motion for entry of default judgment will be denied.

Accordingly it is HEREBY ORDERED that:

1. Defendant's motion to modify the scheduling order, filed December 7, 2010, is DENIED;

2. Defendant's motion for summary judgment and statement of undisputed facts, filed December 16, 2010, are STRICKEN from the record; and

3. Plaintiff's motion for entry of default judgment, filed December 28, 2010, is DENIED.

IT IS SO ORDERED.

Dated:   January 7, 2011

UNITED STATES MAGISTRATE JUDGE