UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN THOMAS, | 1:07-cv-01165-GSA-PC |
| Plaintiff, | |
| v. | ORDER DENYING PLAINTIFF'S MOTION FOR THE ATTENDANCE OF INCARCERATED WITNESSES, WITH PREJUDICE |
| R. COX, | (Doc. 63.) |
| Defendant. | |

**I.  BACKGROUND**

This action, brought pursuant to 42 U.S.C. § 1983, proceeds on the amended complaint filed by plaintiff John Thomas ("Plaintiff") on November 19, 2007, against defendant Sergeant R. Cox ("Defendant") for use of excessive force in violation of the Eighth Amendment of the United States Constitution. (Doc. 11.) The parties have consented to the jurisdiction of a Magistrate Judge, and on May 17, 2011, this case was assigned to Magistrate Judge Gary S. Austin for all further proceedings, including trial and entry of final judgment. (Docs. 5, 57, 58.) This case is scheduled for jury trial to commence on June 21, 2011. On May 31, 2011, Plaintiff filed a motion for the attendance of inmate witnesses. (Doc. 63.)

**II.  MOTION FOR INCARCERATED WITNESS**

Plaintiff brings a motion for the Court to make arrangements to transport an inmate witness to the upcoming trial in this action, to testify on Plaintiff's behalf. Plaintiff states that the inmate was

1

also assaulted by Sergeant R. Cox, and Plaintiff testified as a witness for this inmate in March 2009 during proceedings in a Kern County case. Plaintiff acknowledges that he filed the present motion after the Court's deadline, explaining that the prison was on lockdown for a transfer of inmates, and he did not have access to his personal property.

Plaintiff's motion must be denied. Not only did Plaintiff file the motion more than two months after the Court's deadline, but Plaintiff has not provided the required information for the Court to identify and transport the inmate witness. Plaintiff was informed in the Court's scheduling order of January 7, 2011, of the procedures he was required to follow for obtaining attendance of incarcerated witnesses. (Scheduling Order, Doc. 38 at 2-3.) Pursuant to the order, the deadline for filing motions for the attendance of incarcerated witnesses was March 7, 2011, and oppositions were due by April 8, 2011. (Id. at 3:13-14.) Plaintiff was instructed to provide the name, address, and prison identification number of each such witness, and to file declarations showing that each witness is willing to testify. (Id. at 2:15-17.) The order informed Plaintiff that "[t]he Court will not issue [an order transporting an inmate witness] unless it is satisfied that: (a) the prospective witness is willing to attend and (b) the prospective witness has actual knowledge of relevant facts." (Id. at 2:10-12.) Plaintiff was instructed to file a declaration by the prospective witness, or by Plaintiff, signed under penalty of perjury, stating that the witness was an eyewitness or ear-witness to the incident at issue in Plaintiff's case. (Id. at 2-3.)

Plaintiff did not identify the inmate witness by name, address, or prison identification number, nor did he show that the inmate is willing to testify. Plaintiff has not submitted a declaration signed under penalty of perjury, nor has he indicated that the inmate was an eyewitness or ear-witness to the assault at issue in this action. Moreover, Plaintiff does not offer a sufficient explanation for filing the present motion more than two months after the Court's deadline. Plaintiff states that he was aware of the deadline but was unable to file the motion until May 31, 2011, because of a prison lockdown and transfer of inmates, during which he was without his property. The Court's record shows that Plaintiff was able to file documents in this case on January 28, 2011, February 11, 2011, February 14, 2011, February 16, 2011, and April 27, 2011. (Docs. 39, 41, 42, 43, 48.) Plaintiff's pretrial statement, mailed on April 13, 2011, gave no indication that he intended

to call any inmate witnesses. (Doc. 54.) Plaintiff clearly had the ability to file the instant motion, or at least a motion for extension of time, well before May 31, 2011. To allow Plaintiff's motion at this late stage of the proceedings would be prejudicial to defendant. Plaintiff's motion for the attendance of incarcerated witnesses must be denied, with prejudice.

### III. CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's motion for the attendance of incarcerated witnesses, filed on May 31, 2011, is DENIED with prejudice.

IT IS SO ORDERED.

Dated:  **June 3, 2011**           /s/ **Gary S. Austin**
                                  UNITED STATES MAGISTRATE JUDGE